UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTRADA,<br><br>          Plaintiff,<br><br>     v.<br><br>KAG WEST LLC,<br><br>          Defendant. | Case No. 1:23-cv-00626-CDB<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. 7) |

Pending before the Court is Plaintiff Jose Estrada's ("Plaintiff") motion to remand and Defendant KAG West LLC's opposition. (Docs. 7-8). For the reasons explained herein, Plaintiffs' motion to remand shall be granted.[1]

**Background**

Defendant, a Delaware corporation whose principal place of business is located in North Canton, Ohio, delivers refined petroleum products and renewable fuels, including gasoline, diesel, aviation fuel, and ethanol to its customers. (Docs. 1 at 4, 12-2 at 2). On or about October 27, 2018, Plaintiff was employed by Defendant as a truck driver employee in the County of Kern. (Doc. 1 at

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1), and this action has been assigned to Magistrate Judge Christopher D. Baker for all purposes. *See* Doc. 14.

1

15). During his employment, Plaintiff alleges he sustained injuries to his back, wrists, and shoulders when the semi-truck he was driving was struck by another vehicle. *Id*. at 15-16. Plaintiff claims his injuries limited his ability to participate in major life activities including his ability to work. *Id*. at 16.

Around September 2022, Plaintiff purports he was put on leave from employment with Defendant. (Doc. 7 at 7). Around November or December 2022, Plaintiff claims J.D. Doe, a manager of Defendant, communicated to him he could not accommodate his medical condition and terminated him because of his injury. *Id*. Plaintiff alleges as a result of J.D. Doe's actions, he suffered extreme emotional distress. (Doc. 1 at 21).

On or about March 16, 2023, Plaintiff filed this action against Defendant, J.D. Doe, and various fictitious defendants in the Superior Court of the State of California, County of Kern. (Doc. 1 at 2). The complaint pleads claims for (1) disability discrimination in violation of Cal. Gov. § 12940(A); (2) disability discrimination in violation of Cal. Gov. § 12940(M) for failure to provide reasonable accommodation; (3) disability discrimination in violation of Cal. Gov. § 12940(N) for failure to engage in the interactive process; (4) wrongful termination in violation of public policy; (5) intentional infliction of emotional distress ("IIED"); and (6) failure to deliver personnel file. *Id*. at 14, 16-22. The fifth cause of action, IIED, is the only cause of action against Defendant J.D. Doe. *Id*. at 21.

On March 29, 2023, Defendant was served with the summons and complaint. *Id*. at 27. On April 20, 2023, Defendant timely filed its Answer to Plaintiff's complaint. *Id*. at 43. The following day, Defendant timely filed a notice of removal of this action to this Court. *Id*. Defendant asserts there is complete diversity of citizenship between itself and Plaintiff. *Id*. at 4-7. Defendant argues J.D. Doe should be disregarded as a sham or fraudulently joined defendant because Plaintiff cannot properly bring an IIED claim against him. *Id*. Further, Defendant claims the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Id*. at 9-11.

On May 3, 2023, Plaintiff filed the instant motion to remand. (Doc. 7). Defendant filed an opposition on May 17, 2023. (Doc. 8).

///

///

**Legal Standard**

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served…is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a),(b)(2).

Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Thus, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). "A defendant invoking federal court diversity jurisdiction on the basis of a fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*.; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Put another way, "if there is a possibility that a state court would find that the complaint states a cause of

action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046.

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. Rather, the standard for fraudulent joinder is akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id*. In other words, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp.2d 1166, 1170 (E.D. Cal. 2011) (internal citation omitted).

**Discussion**

Plaintiff brings a single cause of action against Defendant J.D. Doe for IIED. In order to establish a claim for IIED, a plaintiff must show (1) extreme and outrageous conduct by the defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (Cal. 2009) (citations and quotation marks omitted). Extreme and outrageous conduct is that which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community," *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (Cal. 1982), and "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Christensen v. Superior Ct.*, 54 Cal.3d 868, 905 (Cal. 1991).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id*. Personnel management activity includes, "hiring and firing, job or project assignments,

office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, [and] deciding who will be laid off." *Id*. at 64-65. "[A] claim of intentional infliction of emotional distress [can be asserted, however,] '[w]here the behavior goes beyond the act of termination'" or other management activity. *Dagley v. Target Corp., Inc.*, No. CV 09-1330-VBF(AGRx), 2009 WL 910558, at *3 (C.D. Cal. March 31, 2009) (quoting *Gibson v. Am. Airlines*, No. C 96-1444 FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996)).

Plaintiff's complaint and subsequent declaration likely fail to state a plausible claim for IIED. Defendant J.D. Doe's alleged conduct—as currently described—is not so extreme and outrageous as to offend the bounds of society. Plaintiff's complaint is devoid of specific allegations against J.D. Doe. Instead, Plaintiff offers only conclusory statements in support of his IIED claim: that J.D. Doe "terminated me based on false pretenses, which I believe is because of my injury," and "J.D. Doe communicated to me that he could not accommodate my restrictions, which I knew to be false." *See* (Doc. 7 at 7). While the Court acknowledges that J.D. Doe's purported decision to accommodate his restrictions and terminate Plaintiff may have been based on "improper motivation," the current factual allegations fail to demonstrate extreme and outrageous conduct that goes beyond personal management activity. *Janken*, 46 Cal. App. 4th at 80.

Plaintiff's present allegations against J.D. Doe are unlikely to survive a Rule 12(b)(6) motion. However, this shortcoming does not necessarily preclude Plaintiff from his IIED claim against J.D. Doe. *See Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) ("[I]n other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared 'relatively weak.'"). It would not be impossible for Plaintiff to rectify the aforementioned defects in an amended complaint. *See e.g., Gonzalez v. Sheraton Operating Corp.*, No. CV 20-8785 DSF (AGRx), 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020). Thus, remand must be granted unless a defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*,

1  687 F. Supp.2d 1156, 1159 (C.D. Cal. 2009); *Madayag v. McLane/Suneast, Inc.*, No. 1:16-CV-1082
2  AWI SAB, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (collecting cases).

3      Defendant's argument "that since Plaintiff was not able to plead sufficient facts in a
4  Declaration, he would likewise not be able to make the required showing in any leave to amend the
5  Complaint" is unpersuasive.  Plaintiff's declaration only confirms he has presently been unable to state
6  an IIED claim against J.D. Doe.  The declaration has not foreclosed the possibility that he could
7  provide sufficient facts in support of his IIED claim.  Notably, because plaintiff has not yet amended
8  his complaint, this court would be inclined to grant Plaintiff leave to amend. Further, if this action is
9  remanded, the state court would likely grant him leave to amend his complaint as well.  *See Fry v.*
10 *Navistar, Inc.*, No. 2-22-cv-01201-DAD-JDP, 2022 WL 16748703, at *3 (E.D. Cal. Nov. 7, 2022)
11 (citing Cal. Civ. Pro. Code § 472).

12     It is possible Plaintiff may proffer a cognizable IIED claim against J.D. Doe.  Consequently,
13 the Court cannot conclude that Plaintiff has been fraudulently joined to this lawsuit.  Plaintiff's
14 citizenship must be considered for diversity purposes and complete diversity therefore does not exist
15 because Plaintiff and J.D. Doe are both citizens of California. The Court, therefore, lacks jurisdiction
16 under 28 U.S.C. § 1332. Because of this conclusion, the Court finds it unnecessary to evaluate the
17 parties' arguments regarding whether the $75,000 amount in controversy is met.

**Conclusion**

19     Accordingly, there is not complete diversity and this Court lack subject matter jurisdiction over
20 this matter, and the action must be remanded pursuant to 28 U.S.C. § 1447(c).  Therefore, it is
21 HEREBY ORDERED:

22     1. Plaintiff's motion to remand (Doc. 7) is GRANTED and the action is remanded to the
23        Superior Court of the State of California, County of Kern;
24     2. Defendant's motion to compel arbitration and stay judicial proceedings (Doc. 12) is
25        DENIED AS MOOT;
26     3. Defendant's motion to continue scheduling conference (Doc. 13) is DENIED AS MOOT;
27        and
28

4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **June 26, 2023**

_____
UNITED STATES MAGISTRATE JUDGE